RENDERED:  OCTOBER 17, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1450-MR

COMMONWEALTH OF KENTUCKY                    APPELLANT

v.      APPEAL FROM GRAVES CIRCUIT COURT
HONORABLE KEVIN D. BISHOP, JUDGE
ACTION NO. 24-CR-00032

PAUL TOON                                    APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  COMBS, A. JONES, AND KAREM, JUDGES.

KAREM, JUDGE:  The Commonwealth of Kentucky (the "Commonwealth")

appeals from the Graves Circuit Court's order determining that Paul Toon

("Toon") was incompetent to stand trial on one count of sexual abuse in the first

degree.  After careful review of the law and record of the case, we reverse and

remand the case back to the trial court for further proceedings, if necessary, and

factual findings as set forth herein.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 8, 2023, Toon was arrested on the charge of first-degree sexual abuse of a victim under twelve (12) years of age. The police report indicated that Toon had placed his hand inside the shirt of a nine (9) year old female and touched her breast. The victim's sister was present and corroborated the victim's statements regarding the incident. At the time, Toon was eighty-seven (87) years of age. On January 23, 2024, the Graves County Grand Jury indicted Toon for first-degree sexual abuse of a victim under twelve (12) years old.

In June 2024, Toon filed a motion requesting a competency evaluation. On July 19, 2024, the circuit court entered an order that Toon be examined by Kentucky Correctional Psychiatric Center ("KCPC") to assess whether he was competent and, if not, whether there was a substantial probability that he would attain competency in the foreseeable future.

Dr. Robert B. Sivley, Jr., a clinical psychologist, examined Toon as an outpatient on August 23, 2024. In his report, Dr. Sivley opined that Toon's "severe cognitive impairment rendered him incapable of comprehending the nature and consequences of the proceedings or subjectively assisting his attorney." Further, Dr. Sivley opined that Toon was "not capable of proceeding rationally with litigation and that there [was] not a substantial probability of his attaining competency in the foreseeable future."

The trial court held a competency hearing in October 2024. At the hearing's conclusion, the court stated that it was familiar with Dr. Sivley and had reviewed multiple reports from him, most of which had opined that the applicable defendant was competent. The court stated that when it gets a Dr. Sivley report saying the defendant is incompetent, "that screams to the court that the doctor has concluded something that is atypical." The court then accepted Dr. Sivley's conclusion that "Toon is not capable of proceeding rationally with litigation and there is not a substantial probability of his attaining competency in the foreseeable future," stating, "That's all I need to hear." As to the "allegations" that Toon was malingering, the court said that they were "just that at this point—allegations," that it had "heard no proof that would convince a court that Mr. Toon is malingering," and that "whether or not Dr. Sivley exercised any other exams to determine malingering is not referenced in his report, but the court's got to go with what the report says." The court concluded that Toon was incompetent to stand trial and that there was no substantial probability he would attain competency in the foreseeable future; it also directed the Commonwealth to commence appropriate involuntary commitment proceedings.

Additionally, the court signed and entered a calendar order on October 30, 2024, stating: "Court finds Defendant i[s] incompetent to stand trial with no probability of attaining competency. CW to proceed with involuntary commitment

-3-

proceedings as may be appropriate." The order was entered on October 30, 2024. This appeal followed.

We will discuss further facts as they become relevant.

## ANALYSIS

### 1. Standard of Review

On appellate review, this Court will only disturb the trial court's ruling "if [it] is clearly erroneous (*i.e.*, not supported by substantial evidence)." *Keeling v. Commonwealth*, 381 S.W.3d 248, 262 (Ky. 2012) (internal quotation marks and citations omitted). Substantial evidence is such relevant evidence as a "reasonable mind would accept as adequate to support a conclusion." *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003) (internal quotation marks and citations omitted).

### 2. Discussion

The Commonwealth argues that the trial court's incompetency conclusion was not supported by substantial evidence, was clearly erroneous, and was facially insufficient because it included no supporting factual findings. "The trial court makes the ultimate determination of whether a defendant is competent to stand trial." *Commonwealth v. Wooten*, 269 S.W.3d 857, 863 (Ky. 2008). To aid the court in making this determination, KRS[1] 504.100(1) requires the court to

---

[1] Kentucky Revised Statutes.

-4-

appoint at least one psychologist or psychiatrist to examine and report on the defendant's mental condition. KRS 504.100(2) provides:

> (2) The report of the examiner shall state whether or not he or she finds the defendant incompetent to stand trial. If the examiner finds the defendant is incompetent, the report shall state:
>
> > (a) Whether there is a substantial probability of the defendant attaining competency in the foreseeable future; and
> >
> > (b) What type treatment the examiner recommends, including whether it should be provided by a treatment facility or forensic psychiatric facility.

In the case *sub judice*, neither party questions the appropriateness of evaluating Toon's competency to stand trial. And properly, the court held a competency hearing to take testimony from the evaluating psychologist, Dr. Sivley, who testified about his observations, assumptions, and test results. However, the court's findings must be supported by substantial evidence and in the case at bar, it is impossible to determine what evidence the trial court relied upon because it failed to make any findings in its competency determination.

During the competency hearing, the trial court made statements on the record noting its confidence in Dr. Sivley, the court-appointed evaluator. The court found it persuasive that Toon was found incompetent because Dr. Sivley most often finds defendants competent. Specifically, the trial court noted, "that

screams to the court that the doctor has concluded something that is atypical." More importantly, the trial judge accepted Dr. Sivley's conclusion that "Toon is not capable of proceeding rationally with litigation and there is not a substantial probability of his attaining competency in the foreseeable future," stating, "That's all I need to hear."

It is incumbent on a trial judge to make its decision based on the facts in evidence not on its prior experience with an expert. A judge is neither allowed to play the role of prosecutor nor rely on facts not in evidence. In *Delahanty v. Commonwealth*, 558 S.W.3d 489 (Ky. App. 2018), Judge Delahanty, *sua sponte*, challenged the constitutionality of a statute. And, instead of confining himself to the record, Judge Delahanty went so far as to direct certain matters to be added to the record and to conduct his own factual inquiry. *Id*. at 502. While the trial court in the case *sub judice* did not go so far as the impermissible actions taken by Judge Delahanty, he failed to provide this Court with any means by which to review his opinion on appeal. And, notably, the trial court expressed comments on the record which would leave even the casual observer to believe he based his final conclusion on past experience with Dr. Sivley rather than facts actually in evidence.

Moreover, following the hearing, the court failed to enumerate the evidence supporting its finding of incompetency in its order as required by law.

Instead, the court made a simple conclusory notation on the docket sheet stating, "Court finds [Toon] in [sic] incompetent to stand trial with no probability of attaining competency." Thus, we reverse the trial court and remand the case for the court to enter an order identifying the evidence upon which it relies to determine competency.[2]

The Commonwealth next argues that Dr. Sivley was unqualified to evaluate Toon's alleged dementia and did not take appropriate steps to fully evaluate Toon's competency. Notably, the Commonwealth does *not* argue that Dr. Sivley does not meet the statutory standards set out in KRS 504.060(2) defining "examiner" as "a psychologist or psychiatrist who examines, treats, or reports on a defendant's mental condition as required by [Chapter 504]." The Commonwealth's argument instead goes to the weight and admissibility of the evidence, a determination soundly to be made by the finder of fact. Because we are returning this case to the trial court for findings, this, along with the Commonwealth's remaining arguments, is rendered moot.

---

[2] Because more than a year has lapsed from the time of the original competency evaluation, we encourage the court to make a determination whether or not a new evaluation should be ordered. *See Keeling*, 381 S.W.3d 258 (a defendant's competency to stand trial may change over time) and *Cox v. Commonwealth*, No. 2013-CA-001124-DG, 2014 WL 3973121, at *7 (Ky. App. Aug. 15, 2014), *opinion ordered not to be published* (Jun. 3, 2015) (the trial court should receive the most up-to-date mental health opinion possible).

The unpublished opinion is cited pursuant to Kentucky Rule of Appellate Procedure ("RAP") 41(A) as illustrative of the issue before us and not as binding authority.

## CONCLUSION

The trial court's written opinion failed to make sufficient written findings to support its conclusion. Therefore, we REVERSE the October 30, 2024 order of the Graves Circuit Court and REMAND the case for further proceedings, if necessary, and the entry of factual findings by the circuit court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Russell Coleman
Attorney General of Kentucky

Shawn D. Chapman
Deputy Solicitor General
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Emil Samson
Mayfield, Kentucky